# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEONA LUNSFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-30-RAW-SPS |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Leona Lunsford requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which

exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was forty-eight years old at the time of the administrative hearing (Tr. 48-49). She completed eighth grade and has no past relevant work (Tr. 33, 49). The claimant alleges that she has been unable to work since May 26, 2017, due to thyroid problems, a learning disorder, bipolar disorder, obsessive compulsive disorder, anxiety, depression, osteoarthritis, stroke, inability to deal with the public, diabetes, kidney problems, and swelling in her legs and feet (Tr. 160, 181).

## Procedural History

On June 13, 2017, the claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 26, 160-64). Her application was denied. ALJ Elizabeth B. Dunlap conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated April 17, 2019 (Tr. 26-35). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She found that the claimant retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) but could not climb ladders (Tr. 30). Due to psychologically-based factors, the ALJ found the claimant could understand, remember,

and carry out one or two step instructions, deal with only occasional variables in or from standardized situations as demanded by jobs rated by the Dictionary of Occupational Titles at reasoning level 1, and could never interact with the public during the work day or perform work tasks in the presence of the public (Tr. 30). The ALJ then concluded that although the claimant had no past relevant work, she was not disabled because there was work she could perform in the national economy, *e. g.*, packer, poultry line worker, and food inspector (Tr. 33-35).

## Review

The claimant contends that the ALJ failed to properly evaluate the opinion of consultative examiner Dr. Chris Sudduth, and the undersigned Magistrate Judge agrees.

The ALJ found that the claimant had the severe impairments of diabetic neuropathy, lumbago, obesity, bipolar disorder, posttraumatic stress disorder, and anxiety disorder (Tr. 28). The relevant medical evidence reveals that nurse practitioner Glenda Cross treated the claimant for polyarthritis in May 2016 (Tr. 312-13). On February 16, 2017, the claimant presented to the Emergency Department at AllianceHealth Durant ("AHD") and reported a recent episode of paralysis in her left arm, leg, and face as well as an inability to talk (Tr. 256-65). A CT scan of the claimant's brain conducted that day revealed no evidence of acute intracranial hemorrhage and demonstrated no acute abnormality (Tr. 265). She was diagnosed with a transient ischemic attack (Tr. 256). The claimant followed-up with nurse practitioner Glenda Cross on March 2, 2017 and her physical examination was normal (Tr. 309-11). Ms. Cross diagnosed the claimant with diabetes mellitus (Tr. 309).

On September 1, 2017, Dr. Sudduth performed a physical consultative examination of the claimant (Tr. 386-94). He found the claimant had full range of motion in all assessed joints, full muscle strength, and normal sensation to light touch (Tr. 386-94). He observed that the claimant was unable to rise from a sitting position without assistance but had no difficulty getting up and down from the exam table, and was able to lift, carry, and handle her personal belongings (Tr. 394). He indicated the claimant had a slow but steady gait, an abnormal tandem gait, and could not walk on her heels or toes (Tr. 394). Curiously, Dr. Sudduth indicated that the claimant was both able and unable to squat (Tr. 394).

The claimant presented to the Emergency Department at AHD on December 17, 2017 and reported increased pain in her feet over the past week (Tr. 462-66). She indicated that her neuropathy was typically controlled, but that it was much worse that day (Tr. 462). Dr. Moody did not administer any medications and instructed her to follow-up with her physician in two or three days (Tr. 462). The claimant returned to AHD on December 30, 2017, and reported, *inter alia*, foot pain (Tr. 468-71). On physical examination of her extremities, the claimant had equal pulses, no cyanosis, full range of motion, and was neurovascularly intact (Tr. 469).

State agency physician Dr. Mary Rees completed a physical RFC assessment on September 26, 2017 and concluded that the claimant could perform the full range of light work (Tr. 81-84). Dr. Rees explained that the limitation to light work was necessary due to the claimant's obesity and degenerative changes in her thoracic spine (Tr. 82). Dr. Rees' findings were affirmed on review (Tr. 98-101).

At the administrative hearing, the claimant testified that she was unable to work due to, *inter alia,* neuropathy and swelling in her feet, back, and legs (Tr. 51). She further testified that she experiences constant pain in her feet, back, and legs that is only temporarily relieved with medication (Tr. 51). The claimant stated she could stand for ten or fifteen minutes before experiencing a burning sensation and pain in her feet, could walk for five minutes, and could lift five or ten pounds (Tr. 59-60). The claimant further stated that if she sits too long, she needs to "get up and move around" due to back pain, leg pain, and muscle spasms (Tr. 61). Regarding her daily activities, the claimant indicated she performs her own personal care, does her own laundry, and spends time "tidying" her home (Tr. 62-65).

In her written opinion, the ALJ summarized the claimant's testimony and the medical record. In discussing the opinion evidence, the ALJ found the state agency physicians' opinions were persuasive because they were well supported by clear explanations that were consistent with the medical evidence of record and because both physicians were duly qualified physicians and experts in disability evaluation (Tr. 32). The ALJ found the claimant's subjective statements were not entirely consistent with the evidence, including her statement to Dr. Sudduth regarding her lifting ability, her conservative treatment, and the lack of a detailed opinion about her symptoms and their effects on her ability to perform work activities from a treating or examining physician (Tr. 33).

For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. § 416.920c. Under these rules, the ALJ does not "defer or give any specific

evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. § 416.920c(a). Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors. *See* 20 C.F.R. § 416.920c(b). The factors are: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements.") 20 C.F.R. § 416.920c(c). Supportability and consistency are the most important factors in evaluating the persuasiveness of a medical opinion and the ALJ must explain how both factors were considered. *See* 20 C.F.R. § 416.920c(b)(2). Generally, the ALJ is not required to explain how the other factors were considered. *Id.* However, when the ALJ finds that two or more medical opinions or prior administrative findings on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 416.920c(b)(3).

    In this case, the ALJ thoroughly summarized Dr. Sudduth's consultative examination, but did not discuss the persuasiveness of his opinion.[2] This was error because

---

[2] The ALJ stated that Dr. Sudduth found the claimant was able to squat and rise from that position with ease, however Dr. Sudduth's findings indicate that the claimant was both able to squat and

the regulations discussed above require the ALJ to explain how persuasive she found the medical opinions she considered, and as part of that explanation, also require her to specifically discuss the supportability and consistency factors. *See* 20 C.F.R. §§ 416.920c(b), 416.920c(c). The supportability factor examines how well a medical source supported their own opinion with "objective medical evidence" and "supporting explanations." 20 C.F.R. § 416.920c(c)(1). The consistency factor calls for a comparison between the medical opinion and "the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. § 416.920c(c)(2). An explanation of the persuasiveness of Dr. Sudduth's opinion that includes a discussion of how he supported his opinion and how his opinion compares with the other evidence of record is entirely absent from the ALJ's decision.

More importantly, the ALJ did not explain how Dr. Sudduth's findings were accounted for in the RFC assessment, or articulate any reasons for rejecting them, which she did when she failed to include those limitations in the RFC. It was error for the ALJ to ignore this probative evidence. *See, e. g., Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."). *See also Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that

---

rise from that position with ease and unable to squat (Tr. 394). The ALJ should address this inconsistency on remand.

does not support his decision, especially when that evidence is 'significantly probative.'") [citation omitted].  *See also Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir.1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence that he rejects.") [citation omitted].  This was a significant omission here because limitations in the ability to walk, sit, stand, and squat directly affect a claimant's ability to perform work.

Because the ALJ failed to properly evaluate Dr. Sudduth's opinion, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis.  If such analysis results in any adjustment to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether she is disabled.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence.  The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* Fed. R. Civ. P. 72(b).

**DATED** this 23rd day of February, 2021.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**